IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Debra L. Donaldson, ) | |
| ) | C/A No. 0:15-1768-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Clover School District, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Debra L. Donaldson filed the within complaint on April 23, 2015, alleging that her former employer, Defendant Clover School District, discriminated against and terminated her in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112, as amended (First Cause of Action). Plaintiff also asserts state law causes of action for wrongful discharge in violation of public policy (Second Cause of Action), violation of South Carolina Human Affairs Law (Third Cause of Action), and violation of South Carolina's Whistleblower Protection Act (Fourth Cause of Action). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling.

This matter is before the court on Defendant's motion for summary judgment, which motion was filed on November 15, 2016. Plaintiff filed a response in opposition on December 9, 2016, to which Defendant filed a reply on December 16, 2016. The Magistrate Judge issued a Report and Recommendation on July 24, 2017, in which she recommended that Defendant's motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on August 14, 2017, to which Defendant filed a reply on August 17, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Plaintiff began working for Defendant in 2000. She eventually was hired as a teaching assistant (TA) at Larne Elementary School in 2010. She performed satisfactorily working with "older kids" through the 2012-2013 school year. In June 2013, Plaintiff underwent knee replacement surgery. Her physician released her to work without restrictions. Plaintiff believed she could perform the physical requirements of her job because she had been working with the older children.

When she returned to Larne Elementary School for the 2013-2014 school year, Plaintiff was placed with a transitional special education class (grades 2-5) to assist Amy Brewer. Brewer's handwritten notes of Plaintiff's work performance recite that, in Brewer's view, Plaintiff spent too much time talking and sitting in the classroom and occasionally spoke in a disrespectful manner to Brewer. Plaintiff received a performance review on November 13, 2013, that identified specific areas for improvement: (1) utilizing technology to increase achievement; (2) producing required amount of acceptable work within a specified time period; (3) beginning work without prompting and independently contributing ideas; and (4) working with minimal supervision, managing time

effectively, and maintaining control of all assigned projects/responsibilities. After the performance review, the principal of Larne Elementary School, Tony Hemingway, began transitioning Plaintiff to Hannah Goolsby's classroom (grades K-2), where the students receive intensive teaching, a teaching model for which Plaintiff had received training. According to Brewer, Plaintiff would return to her classroom to sit and talk rather than reporting to Goolsby's classroom as scheduled.

Plaintiff underwent a second knee replacement surgery on November 18, 2013. Plaintiff was released to return to work on December 21, 2013, without restrictions. Plaintiff alleges, however, that she was not able to get up and down on the floor or chase a child, which made her position working with younger children more difficult.

Plaintiff returned to Larne Elementary School on January 6, 2014, after the school holidays. She was assigned full time to Goolsby's classroom. Goolsby evaluated Plaintiff after nine weeks and on February 11, 2014, Plaintiff, Goolsby, and Hemingway met to discuss Goolsby's performance concerns, including the following: (1) dealing with problem behaviors consistently; (2) pace of instruction; (3) delivery of direct instruction programs; (4) amount of direct instruction done in a week; (5) following proper order in steps of teaching; (6) appropriate prompting in general education environment; (7) rate at which student picks up skills, and (8) amount of student independence. Plaintiff and Goolsby agreed to certain actions to help Plaintiff improve her performance.

On February 28, 2014, Hemingway and Goolsby met with Plaintiff and observed Plaintiff had made improvement in some areas but would be required to improve on all deficiencies by March 28, 2014. On March 31, 2014, Plaintiff met with Hemingway and Goolsby, who informed Plaintiff that her performance remained deficient. Specifically, Plaintiff failed to meet the following goals: (1) errorless teaching strategies; (2) appropriate prompting in general education environment; (3) rate

at which student picks up skills; (4) delivery of direct instruction programs. According to Hemingway, he made a decision at this time not to renew Plaintiff's contract for the following year.

## II. DISCUSSION

A.     Plaintiff's ADA Discrimination Claim

The Magistrate Judge observed that Plaintiff initially is required under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to establish a prima facie case of discrimination. To establish a prima facie case, Plaintiff must produce evidence sufficient to demonstrate that she (1) is a qualified individual with a disability; (2) she suffered an adverse employment action; (3) she was fulfilling her employer's legitimate expectations at the time of the adverse employment action; and (4) the circumstances of the adverse employment action raise a reasonable inference of unlawful discrimination. See Reynolds v. American Nat'l Red Cross, 701 F.3d 143, 150 (4th Cir. 2012). The Magistrate Judge recommended a finding that Plaintiff satisfied the first two elements of the test in that Plaintiff presented some record evidence that her knee replacement surgeries impacted her ability to walk and to get up and down off the floor of the classroom. The Magistrate Judge also identified two adverse employment actions for purposes of summary judgment: (1) the transfer to Goolsby's classroom, which required Plaintiff to spend more time on the floor with younger students, and (2) the decision not to renew Plaintiff's contract for the 2014-2015 school year.

The Magistrate Judge concluded, however, that Plaintiff failed to demonstrate that she was fulfilling Defendant's legitimate expectations at the time of the adverse employment actions. In doing so, the Magistrate Judge relied upon Brewer's notes regarding Plaintiff's performance,

4

Plaintiff's various performance appraisals, and Plaintiff's failure to meet the improvement goals.[1] The Magistrate Judge further determined that Plaintiff had failed to show any discriminatory animus on the part of Defendant. Accordingly, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted as to this issue.

In her objections, Plaintiff contends that Hemingway was aware of her disability and that there exists sufficient temporal proximity between Hemingway's knowledge and the adverse employment actions to create a genuine issue of material fact as to whether Defendant unlawfully discriminated against her. The court disagrees. Assuming for purposes of summary judgment that Hemingway was aware of Plaintiff's alleged disability, the transfer to Goolsby's class commenced with a transitional period in November, a period of approximately three months from the beginning of the school year. The court concludes that three months is too long a lapse to support an inference of causal connection between Plaintiff's alleged disability and the earliest adverse employment action. See, e.g., Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 879 (10th Cir. 2004). Moreover, Plaintiff does not show that Defendant's perception of her job performance gives rise to an inference of unlawful discrimination. See James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 377 (4th Cir. 2004) (noting that it is the perception of the decisionmaker that is relevant, not the self-assessment of the plaintiff, in determining satisfactory job performance). Plaintiff's objection is without merit.

B.    Plaintiff's Failure to Accommodate Claim

The Magistrate Judge noted that, for Plaintiff to establish a prima facie case against

---

[1] The Magistrate Judge also recounted other issues related to Plaintiff's employment, including a complaint from a parent, a reprimand for revealing confidential information, and the imposition of administrative leave with pay after a threatening comment. The evidence suggests Hemingway did not base his decisions to transfer Plaintiff or end her employment on these events.

Defendant for failure to accommodate under the ADA, Plaintiff must show that: (1) she was an individual who had a disability within the meaning of the ADA; (2) Defendant had notice of her disability; (3) with reasonable accommodation she could perform the essential functions of her position; and (4) Defendant refused to make such accommodations. See Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013). The Magistrate Judge concluded that, even if Plaintiff had met the first three elements of the test, summary judgment is appropriate because there is no foundation in the record that Defendant failed to accommodate Plaintiff's disability. The Magistrate Judge noted Plaintiff acknowledged in her deposition that she had not requested a larger chair or any alternative to aid her in kneeling or getting up and down on the classroom floor. The Magistrate Judge further noted that Plaintiff has the burden of "identifying an accommodation that would allow a qualified individual to perform the job . . . , as [well as] the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable." Lamb v. Qualex, Inc., 33 F. App'x 49, 59 (4th Cir. 2002).

In her objections, Plaintiff asserts that Defendant's knowledge of her disability obviated any requirement she request accommodation that would allow her to successfully perform her job. Even under those circumstances, Plaintiff has presented no evidence to support a finding that Defendant refused or was unwilling to provide a reasonable accommodation to assist Plaintiff in performing her position. Plaintiff's objections are without merit.

C. Remaining Claims

The Magistrate Judge recommended that summary judgment be granted in favor of Defendant as to Plaintiff's state law claims, as well as to any ADA retaliation claim Plaintiff may have attempted to argue at the hearing on the matter. Plaintiff does not object to the Magistrate

Judge's recommendations regarding the remaining causes of action. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court discerns no clear error on the face of the record.

III. CONCLUSION

The court concurs with the Report and Recommendation and incorporates it herein by reference. For the reasons stated herein and in the Report and Recommendation, Defendant's motion for summary judgment (ECF No. 40) is granted, and the case dismissed, with prejudice.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

September 21, 2017